**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 6, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALFINIO PONCE-RAMIREZ,

    Defendant-Appellant.

No. 07-3116
(D.C. No. 06-CR-20157-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Alfinio Ponce-Ramirez, a citizen of Mexico, appeals his sentence of 33 months' imprisonment imposed following his conviction for illegal reentry into the United States by a previously deported person in violation of 8 U.S.C. § 1326(a) and (b)(2). He presents only one question for our review, arguing that his sentence is procedurally unreasonable because the district court relied on a fact for which there is no support in the record when it imposed his sentence.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Specifically, Ponce-Ramirez takes issue with the district court's statement at sentencing that: "[I]t looks to me like [the defendant has] basically skated his way through the American legal system because of his illegal alien status." Adopting the parties' joint assumption as to what the district court intended to communicate by this challenged statement, we conclude that the evidence in the record shows that the district court did not clearly err in finding this "fact." Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM** Ponce-Ramirez's sentence.

## I

Over the last thirteen years, Ponce-Ramirez has had numerous encounters with both law enforcement officers and immigration authorities. Because a history of those encounters is relevant to the argument he raises on appeal, we set forth his criminal history with some specificity. Much of the factual information to which we refer appears in Ponce-Ramirez's Presentence Report ("PSR"), which the district court specifically adopted as the basis for its factual findings at the sentencing hearing.[1]

## A

Ponce-Ramirez was first arrested in Vega, Texas in 1995 on state court charges that he attempted to possess marijuana. He pleaded guilty to the charges

---

[1] Ponce-Ramirez did not object to any of the factual information appearing in the PSR in either the court below or in his briefing to this court.

stemming from that arrest and was fined $2,000 plus court costs. He was not imprisoned or otherwise placed on probation at that time. The following year, in Meade, Kansas, Ponce-Ramirez was charged and convicted of one count of conspiring to deliver marijuana. He was sentenced on September 17, 1996, to 9 months' imprisonment and 24 months' post-release supervision. The state court suspended his entire sentence of imprisonment, however, in favor of 36 months' probation.

Later in 1996, this time in Olathe, Kansas, Ponce-Ramirez was charged with felony possession of cocaine and with transporting an open container. He later pleaded guilty to those charges in Kansas state court, and, on May 15, 1997, was sentenced to 9 months' imprisonment and 24 months' post-release supervision on the cocaine count, and 3 months' imprisonment on the open container count. Again, the court suspended his sentences as to both counts, this time in favor of 24 months' probation.

On July 22, 1998, before his probationary periods in either the Meade or Olathe convictions were completed, Ponce-Ramirez was deported after he tested positive for marijuana use. The government later filed a motion to revoke his probation in the Olathe conviction based on the marijuana use because that use constituted a violation of the terms of his probation.

No more than two years later, Ponce-Ramirez illegally reentered the United States. In the fall of 2000, he was arrested in Kansas City, Kansas on charges

that he had allegedly raped and taken indecent liberties with a girlfriend's daughter in July and August 1999. Following his arrest, the government amended its motion to revoke Ponce-Ramirez's Olathe probation based on these new charges. After a jury trial, Ponce-Ramirez was acquitted of the charges. Because of his illegal presence in the United States, however, the state court released him into the custody of the Immigration and Naturalization Service ("INS"), which deported him to Mexico the following day, July 27, 2001.

Upon releasing Ponce-Ramirez into INS custody, the state court also terminated his Olathe probation. Thus, Ponce-Ramirez's probation was never revoked and his probation violation for marijuana use did not lead to a term of imprisonment. There is also no sign in the record that his probation in the Meade conviction was ever revoked, despite Ponce-Ramirez's use of marijuana in 1998.

**B**

The instant appeal relates to Ponce-Ramirez's most recent arrest on October 5, 2006, this time by officials from Immigration and Customs Enforcement ("ICE").[2] The 2006 arrest at the hands of ICE eventually resulted in a federal grand jury issuing a one-count indictment against him, alleging that he had illegally reentered the country after having been previously deported for an

___

[2] Although Ponce-Ramirez claimed to have reentered the United States on September 28, 2006, just seven days prior to his arrest in this case, Ponce-Ramirez was arrested in Kansas in August 2005 on charges of driving under the influence. The disposition of that August 2005 charge was not clear at the time of his sentencing in this case.

- 4 -

aggravated felony.  See 8 U.S.C. § 1326(a) & (b)(2).  Ponce-Ramirez entered a voluntary plea of guilty to the indictment and was sentenced on April 16, 2007.

Ponce-Ramirez's PSR indicated a base offense level of 8 and a criminal history category of II.  His past deportation following the commission of a drug trafficking felony led to a 12-level increase in offense level under U.S.S.G. § 2L1.2(b)(1)(B).  Finally, the PSR reduced the offense level by two points for acceptance of responsibility, arriving at a final adjusted offense level of 18.  Together, this adjusted offense level and criminal history category provided for a United States Sentencing Guidelines ("Guidelines") advisory range of 30 to 37 months' imprisonment.

Ponce-Ramirez did not file any motions to contest either the calculation of the applicable sentencing range or any of the factual information contained in the report.  Nor did he move for a departure under the applicable Guidelines or a variance pursuant to 18 U.S.C. § 3553(a).  At his sentencing hearing, however, he argued that he should have been granted an additional one-level reduction to his offense level under the acceptance of responsibility guideline.  See U.S.S.G. § 3E1.1.  The district court agreed, and reduced his offense level by one additional point.  His advisory Guidelines range was thus revised to 27 to 33 months' imprisonment.  With this adjustment, the court imposed a sentence at the top of the advisory range, stating:

Well, the sentence that I would propose here is 33 months in custody. Basically, for the reasons which [the prosecutor], I think, state[d] extremely well, the defendant has two prior deportations, a history of marijuana trafficking, a long history of substance abuse related arrests, and it looks to me like he's basically skated his way through the American legal system because of his illegal alien status.

And so it would seem to me from the presentence report that, given the nature and the seriousness of his prior arrests, his substance abuse history, his prior deportations, that it's not likely that he will serve this sentence and go on to lead a law-abiding life particularly if he has family continuing to reside in the United States.

So it would be my proposal that the sentence be 33 months in custody followed by two years of supervised release and a payment of $100 to the Crime Victims Fund.

(emphasis added). Following Ponce-Ramirez's objection to the "reasonableness" of a 33-month sentence of imprisonment,[3] the district court further elaborated on its reasons for imposing the sentence, adding:

Well, the Court has considered the statements of the parties, the presentence report, the letters which I have received and reviewed from counsel this morning. I'm giving substantial weight to the sentencing guidelines because I think they do help determine a reasonable sentence by promoting uniformity from case to case as well as weighing the basic factors which include both aggravating and mitigating factors. I think this sentence is a reasonable one and that it reflects the seriousness of this offense, promotes . . . respect for the law, and also provides just punishment as well as addressing the other factors set forth in section 3553(a)(2) of Title 18 United States Code.

Subsequent to the district court's entry of final judgment, Ponce-Ramirez filed this timely appeal.

---

[3] Ponce-Ramirez specifically stated: "I would simply object that a sentence at the high end of the guideline range is not reasonable for the reasons given."

**II**

In the only issue he presents for our review, Ponce-Ramirez argues that the district court's statement that he "skated his way through the American legal system based on his illegal alien status" renders his sentence procedurally unreasonable. He essentially claims that this statement constitutes a "factual finding" and that there is no support in the record for such a "finding." In countering this contention, the government agrees that the statement amounted to a finding of fact, but argues that the finding is supported by the record and was not clearly erroneous. Although the district court's statement was somewhat ambiguous, we agree with the government.

**A**

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), we review a sentence imposed by a district court for reasonableness. United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006). "Reasonableness has both procedural and substantive components." United States v. Cage, 451 F.3d 585, 591 (10th Cir. 2006). One aspect of procedural reasonableness, and the sole basis for Ponce-Ramirez's appeal, is that the district court may not select a sentence based on clearly erroneous facts.[4] See Gall v.

---

[4] Ponce-Ramirez does not challenge the substantive reasonableness of the sentence in his opening brief, repeatedly characterizing his challenge as one of "procedural reasonableness." See, e.g., Appellant Br. at 2 (stating the only issue presented for review as: "Mr. Ponce-Ramirez's sentence is procedurally

(continued...)

United States, 128 S. Ct. 586, 597 (2007) (recognizing that a district court's "select[ion] of a sentence based on clearly erroneous facts" is a procedural sentencing error).  As is implied by this statement, we review the district court's findings of fact at sentencing for clear error, Kristl, 437 U.S. at 1054, which occurs only if the factual finding is "without factual support in the record or if this court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made," United States v. Patron-Montano, 223 F.3d 1184, 1188 (10th Cir. 2000) (quotation omitted).

Although the district court's statement strikes us as ambiguous, the parties apparently agree that the court intended to make a factual finding that Ponce-Ramirez had successfully avoided punishment for his past crimes in the United States because of his repeated deportations.  Given that such a reading of the statement is not without textual (and contextual) support, we adopt the parties' assumption and consider the existence of factual support for the district court's observation as the parties interpret it.

---

[4](...continued)

unreasonable.").  In his reply brief, however, he asserts for the first time that the reasons given by the district court were not "sufficient for a sentence at the high end of the Guidelines range."  We generally do not consider arguments raised for the first time in a reply brief and we decline to do so in this case.  See, e.g., United States v. Black, 369 F.3d 1171, 1176 (10th Cir. 2004) ("Failure to raise an issue in the opening appellate brief waives that issue.").

**B**

Our review of the record shows that there is ample support for a finding that Kansas chose to simply have Ponce-Ramirez deported rather than to carry out the punishments authorized by his prior convictions. First, Kansas never required Ponce-Ramirez to complete the 36-month term of probation stemming from his 1996 conviction of conspiracy to deliver marijuana. When he was deported in July 1998, there were 14 months remaining in his 36-month probation term. We note that on this score, despite Ponce-Ramirez's violation of the terms of his probation just prior to this deportation, state officials never revoked his period of probation and never required him to serve a revocation sentence. They instead chose to turn him over to federal authorities for deportation. Additionally, when Ponce-Ramirez was again arrested in 2000, Kansas terminated the remaining probation notwithstanding the government's pending motion for its revocation.

Similarly, Ponce-Ramirez's 24-month term of probation, resulting from his Olathe convictions for cocaine possession and transporting an open container, was never revoked, despite the 1998 marijuana use. This term of probation was also not complete when Ponce-Ramirez was arrested in 2000 because 10 months remained in this term at the time of his 1998 deportation. In light of these facts,

we cannot say that the district court's statement constituted a clearly erroneous factual finding.[5]

## III

For the foregoing reasons, we **AFFIRM** the challenged sentence.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[5] We offer no opinion as to whether the court's finding was a proper sentencing consideration under § 3553(a) because, as previously noted, Ponce-Ramirez has only challenged whether the particular statement at issue had adequate support in the record.